UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES E. PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-02184-SEB-MG |
| | ) | |
| REAGAL, | ) | |
| EDMONDS, | ) | |
| A. SHAW, | ) | |
| COCHORAN, | ) | |
| CANFIELD, | ) | |
| E. KONKLE, | ) | |
| GOODNIGHT, | ) | |
| CARTER, | ) | |
| PETER, | ) | |
| GARY, | ) | |
| A. TERRY, | ) | |
| DOWN, | ) | |
| MORADO, | ) | |
| C. BISHOP, | ) | |
| RUIZ, | ) | |
| ALICRA, | ) | |
| AARON SMITH, | ) | |
| LYOR, | ) | |
| C. CONYER, | ) | |
| C. WARGENY, | ) | |
| DENNIS DAVIS, | ) | |
| PHLECLER, | ) | |
| BOLDMAN, | ) | |
| MILLER, | ) | |
| D. MCDONALD, | ) | |
| ADREA WATSON, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on James E. Phillips' two motions for preliminary injunction. As explained below, these motions are **DENIED**.

# I. LEGAL STANDARD

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). The plaintiff first must show that "(1) without this relief, it will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) it has some likelihood of prevailing on the merits of its claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020). If the plaintiff meets these threshold requirements, "the court then must weigh the harm the denial of the preliminary injunction would cause the plaintiff against the harm to the defendant if the court were to grant it." *Id*.

The Prison Litigation Reform Act ("PLRA") constrains a court's authority to enter an injunction with respect to prison conditions: "The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." *Rasho v. Jeffreys*, 22 F.4th 703, 711 (7th Cir. 2022) (quoting 18 § 3626(a)(1)(A).

## II. Background

### A. Claims Proceeding in this Lawsuit

Mr. Phillips is proceeding on First Amendment retaliation claims against 26 prison officials in their individual and official capacities. (Dkt. 14 at 3).

The complaint alleges that the defendants engaged in a conspiracy to retaliate against Mr. Phillips for filing a civil rights lawsuit in *Phillips v. Reagal, et al.*, Case No. 1:21-cv-1876-JPH-DML, with the goal of preventing him from filing a response to the defendants' motion for summary judgment. (*Id.* at 2). The alleged retaliation includes filing untrue conduct reports,

conducting strip searches, telling other prisoners that Mr. Phillips is a "snitch," an attempted murder plot, withholding and / or damaging property, opening and closing cell doors to deprive Mr. Phillips of sleep, withholding access to the offender grievance process, withholding medication, sexual harassment, and various other alleged wrongs. (*Id.*).

### B. Motions for Preliminary Injunction

In his first motion for preliminary injunction, Mr. Phillips requests that "the defendants not use conflict of interest advantages within this case or pertaining to this case by assigning the defendants listed in case itself to handle or be able to handle any of the legal paperwork, motions, and documents filed in case in said due to dishonest and nefarious acts of retaliation in various forms." (Dkt. 13 at 1) (cleaned up). He argues that the defendants and other prison officials are "either confiscating or collecting plaintiff's personal property including legal work and motions for searching purposes in which they keep and withhold legal documents and paperwork from plaintiff and deny plaintiff access to those legal documents for a litany of frivolous reasons in the labyrinth of conflict of interest plot, plans, and schemes." (*Id.* at 1-2) (cleaned up). He asks the Court to order the defendants and prison officials "to assign a counselor or legal liaison to collect, handle, and submit motions" on his behalf to avoid these "conflicts of interests" and interference with his legal actions. (*Id.* at 2).

In the second motion for preliminary injunction, Mr. Phillips asks the Court to order prison officials to grant him "access to all 3 of his prison litigation law books that were confiscated by (GCH) property officer Bishop." (Dkt. 17 at 1) (cleaned up). He argues that his "capabilities of successfully litigating all cases filed could suffer irreparable harm due to not having access to the information, instructions, and knowledge that are referenced in those books and the cases suffer irreparable harm as well." (*Id.*) (cleaned up). In support of this motion, Mr. Phillips has submitted

a Notice of Confiscated Property form, dated October 3, 2022, indicating that Bishop confiscated "7 books . . . 3 of those books are prison litigation law books." (Dkt. 17-1 at 1). He has also submitted a grievance appeal response, dated February 21, 2023, in which a prison official stated, "if you want additional books, you must turn the others in and they can be exchanged. This is the same with legal work. You may have up to one box and can exchange that for excess legal papers in storage but will still be limited to one box in cell." (*Id.* at 2) (cleaned up).

### III. DISCUSSION

Mr. Phillips' motions for preliminary injunction are **DENIED** because the relief he requests is not the "least intrusive means necessary" to correct the alleged retaliatory behavior that Mr. Phillips sets forth in his complaint. *See Rasho*, 22 F.4th at 711; 18 § 3626(a)(1)(A).

Mr. Phillips clearly believes that prison officials will interfere with his ability to litigate his claims in this and other lawsuits. The Court is mindful of the difficulties facing an incarcerated, *pro se* litigant like Mr. Phillips. However, the Court has other tools at its disposal to ensure that this case proceeds fairly. If this case proceeds to the merits, the Court will issue a pretrial schedule setting forth robust initial disclosure requirements on the defendants. If the defendants refuse to participate in discovery, the Court may order them to produce certain items or issue sanctions. *See* Fed. R. Civ. P. 37. The Court may extend case management deadlines or response deadlines due to Mr. Phillips' limited access to legal resources in segregation. *See* Fed. R. Civ. P. 16(b)(4); S.D. Ind. Local Rule 6-1. The Court could even recruit counsel for Mr. Phillips if the conditions of his confinement prevent him from litigating this case on his own. *See* 28 U.S.C. § 1915(e)(1). The Court takes very seriously the rights of incarcerated individuals and will not hesitate to intervene if limitations on Mr. Phillips' ability to litigate his claims materialize.

In light of these less intrusive means, the Court declines to issue a preliminary injunction dictating how the prison may process Mr. Phillips' legal paperwork, ordering the prison to allow Mr. Phillips to keep additional legal materials in his cell, or taking other actions that would interfere with the day-to-day administration of the prison.

### IV. Conclusion

For the reasons explained above, the motions for preliminary injunction, dkts. [13] and [17] are **DENIED**.

**IT IS SO ORDERED**.

Date: 6/29/2023

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JAMES E. PHILLIPS
106333
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Eric Ryan Shouse
Lewis And Wilkins LLP
shouse@lewisandwilkins.com